DAVID BURTON, Appellant *vs.* JOHN B. WAPLES, Administrator of DANIEL BURTON, deceased, resp't.

Objection cannot be taken by a stranger to the grant of administration on the ground that there are other persons whom the law prefers.

APPEAL from the Register's court of Sussex county, in the matter of the granting letters of administration, d. b. n., on the estate of Daniel Burton, deceased.

Record of the grant of letters to defendant. Petition by David Burton to the register to revoke the grant of letters to defendant, and grant them to petitioner. Petition dismissed. Whereupon this appeal was taken.

Causes of appeal.:—1st. Because John B. Waples is not entitled to any part of the residue of the personal estate of Daniel Burton. 2d. He is not a creditor of the deceased. 3d. He is not a suitable person to be administrator, being a seafaring man, generally absent from the State. 4th. Because Daniel Burton, deceased, left to survive him four brothers, fully competent and willing to administer.

*Houston.*—The administrator appointed was not entitled to the administration as a person entitled to any part of the residue. The

question will then be whether his appointment was good as some other *suitable* person. (*Dig.* 219.) On this point the preference should be given to the most suitable person who is the brother, next of kin, or person entitled to the residue.

*Wootten.*—The act of assembly authorizes the register to *remove* an administrator only on the grounds of absence, or neglecting to discharge the duties of his office. This petition was for a removal of the administrator, and it was not founded on either of these grounds, and the register had no right to remove him.

*Houston.*—The whole record is up, and this is an appeal from the grant of letters originally, as well as from the decree dismissing our petition.

*Wootten.*—If the objection be to the grant of letters, that ought to have been made before the register at the time of granting the letters; and if no objection was made then, no appeal would lie on the question of granting the letters. The only matter to which this appeal applies, is the petition to revoke the letters and remove the administrator. It alone was litigated on that petition, and as to that the testimony ought to have been taken in writing.

*Houston.*—Then the appeal is of no avail; for no notice is given to parties interested on the original grant of letters.

*The Court.*—The record shows both decrees of the register; the one appointing John B. Waples administrator, and the other refusing to remove him, from both of which an appeal lies. The exceptions here are all to the first decision appointing the administrator, and the case may go on as to that decree.

*Houston.*—Neither the appellant nor respondent are entitled to administer as persons entitled to the residue or creditors. The question willt hen be which of these persons is most suitable, the appellant, who is a brother; or the respondent, who is a stranger, and by his occupation unfit to administer the estate.

*Wootten.*—The child of Daniel Burton is entitled to the residue, and the respondent's wife is its aunt. Even if Capt. Waples is not the *most* suitable person, if he is a suitable person to administer the estate, his appointment is good.

*Court.*—As it appears that neither the appellant nor any person complaining of the grant of these letters is in the position of a person whom the law *prefers* in the grant of letters, the only question is, whether the person to whom the register granted the letters was at the time of the grant of letters a *suitable* person, capable of administering the estate. This was a matter in the sound discretion of the

register, and there is no evidence that Capt. Waples was an unsuitable person, though from a change of circumstances since the grant of letters, it might be desirable for another person to have the administration. If the occupation of Capt. Waples causes him to neglect the duties of his office, he may be removed by the register, but we have no grounds before us to reverse the grant of letters.

Sentence of the register affirmed.

*Houston,* for appellant.
*Wootten,* for respondent.